**UNITED STATES DISTRICT COURT**
**DISTRICT OF NORTH DAKOTA**
**WESTERN DIVISION**

| | |
|---|---|
| Ryan Sims,<br><br>      Plaintiff,<br><br>  v.<br><br>Southwest Electronics, Inc., Southwest Electronics Energy Corporation, and John Does 1-25,<br><br>      Defendants. | CASE NO.: 1:23-CV-00034 |

**Stipulated Protective Order**

**IT IS HEREBY STIPULATED** by and between the Parties to the above-captioned matter, by and through their respective counsel of record, that in order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, the Parties stipulate that the following documents are subject to this Protective Order if produced by Defendant Southwest Electronics or Defendant Southwest Electronics Energy Corporation:

¶ 1 <u>Documents Subject to Protective Order</u>.

  a. SW000069-70

  b. SW000071-185

  c. SW000186-187

  d. SW000188-256

  e. SW000257-262

  f. SWO000263-331

g. SW000332-341

h. SW000342

i. SW000343-406

j. SW000407-410

k. SW000411-414

l. SW000415-420

m. SW000421-428

n. SW000429-430

o. SW000431-446

p. SW000447-448

q. SW000449-450

r. SW000451-454

s. SW000455-463

t. SW000464-466

u. SW000467-471

v. SW000472-480

w. SW000481-535

x. SW000536-548

y. SW000549-550

z. SW000551-570

aa. SW000571-575

bb. SW000576

cc. SW000577-592

  dd. SW000593-594

  ee. SW000595-654

¶ 2 <u>Treatment of Confidential Documents During Litigation</u>.  All documents subject to this Protective Order shall be revealed only as provided herein. By entering this Protective Order, the Court does not intend to create any presumption with regard to the actual confidentiality of any material or to alter the normal burden of proof necessary for obtaining a protective order from the Court.

¶ 3 <u>Distribution of Confidential Documents.</u> Documents subject to this Protective Order may be disclosed to:

  a. the parties to this civil action, including a corporate party's owners, directors, officers, and employees,

  b. attorneys for the parties to this civil action, including all attorneys, secretaries, paralegals, and staff of the attorneys' offices,

  c. court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding),

  d. experts or consultants retained by a party to this civil action or the attorneys representing a party to this civil action,

  e. any deposition or non-trial hearing witness after first being advised that such documents are being disclosed pursuant to, and are subject to, the terms of this Protective Order and that they may not be disclosed other than pursuant to its terms,

    f.  mock jury participants, after first being advised that such documents are being disclosed pursuant to, and are subject to, the terms of this Protective Order and that they may not be disclosed other than pursuant to its terms,

    g.  authors and original recipients of the document,

    h.  insurers, reinsurers, auditors, accountants, etc. to whom the parties or their attorneys have a statutory or contractual obligation to transmit information or reports concerning this civil action, and

    i.  any other person that the designating Party agrees to in writing.

Any party providing documents that are subject to this Protective Order to a non-party identified in this paragraph shall first obtain a written agreement from the non-party that the non-party will abide by all terms of this Protective Order.

¶ 4    <u>Submission of Confidential Documents to the Court</u>.  If any party files documents that are subject to this Protective Order with the Court, that party shall file such documents in a sealed envelope with the following language on the envelope:

> **"The documents contained herein are confidential and have been filed under seal by the Court pursuant to a Protective Order."**

Alternatively, a party may electronically file the documents with the Court under seal with the following language in each document: "**Confidential**." Documents filed under seal shall not be made available to third parties or the public except by further order of this Court.

¶ 5    <u>Inadvertent Production Information Without "Confidential" Designation</u>.  If any Parties or non-Parties to this lawsuit inadvertently produce or disclose protected information without a "Confidential" designation, the production or disclosure shall be without prejudice to any claim that such item is "Confidential" and such Party shall not be

held to have waived any rights by such inadvertent production. Written notice of such inadvertent production shall be given to all parties within twenty (20) days of discovery of the inadvertent production, together with further copies designated as "Confidential" (the "Inadvertent Production Notice").

¶ 6     Treatment of Confidential Information Following Litigation. Following the final disposition of this civil action, any recipient of documents that are subject to this Protective Order shall destroy all copies of such documents, except attorneys for the parties may retain a copy as part of their normal file closure and document retention procedures.

¶ 7     Challenging Confidential Designation.  If any party believes a document has been improperly designated or not designated as CONFIDENTIAL, then the parties shall meet and confer in a good faith attempt to resolve the dispute, only after which time may a motion be filed seeking the Court's resolution of the dispute.

In the event of a challenge, there is no presumption of confidentiality, and the party claiming that a document is confidential shall have the burden to make that proof. The party seeking to have a challenged document protected as confidential shall make the motion that the document has been challenged, and the hearing shall be held as soon as is practicable after the motion is filed. The challenged document is to be treated as confidential and subject to this Protective Order until the Court has ruled that the document is not subject to this Protective Order.

¶ 8     Scope of Protective Order. Nothing herein shall affect the admissibility of evidence protected hereunder or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of confidential information, or be deemed to limit any

party's rights to discovery in connection with this action or to restrict the prosecution, defense, or settlement of this litigation.

¶ 9     This Protective Order may be modified by the Court for good cause.

¶ 10    This Stipulation and Protective Order may be executed in counterparts.

**IT IS SO STIPULATED**:

DATED: September 29, 2023

SCHWEIGERT, KLEMIN & MCBRIED
116 North 2nd Street
P.O. Box955
Bismarck, North Dakota 58502-0955
P: (701) 258-8988
F: (701) 258-8486
Attorneys for Plaintiff Ryan Sims

  /s/ Cody J. Nichols
David D. Schweigert (ND Bar ID# 05123)
dslitteam@bkmpc.com

Cody J. Nichols (ND Bar ID# 09141)
cnichols@bkmpc.com

DATED:  September 29, 2023

MEAGHER & GEER, P.L.L.P

Attorneys for Southwest Electronics, Inc., and Southwest Electronics Energy Corporation

 /s/Chad J. Stepan
Chad J. Stepan (Admitted *pro hac vice*) (#0279535)
33 South Sixth Street, Suite 4400
Minneapolis, MN  55402
P:  612-338-0661
F:  612-338-8384
cstepan@meagher.com

# ORDER

**GOOD CAUSE APPEARING,** the Court hereby approves this Stipulated Protective Order with the following modification to paragraph 4:

> Filed documents are open to the public unless the Court orders them sealed pursuant to the Local Rules and district policy. Consequently, documents may not be filed under seal without prior court authorization.

The Court is not bound by the designations given by the parties to any documents pursuant to this protective order. <u>Webster Groves Sch. Dist. v. Pulitzer Publ'g Co.</u>, 898 F.2d 1371, 1376 (8th Cir. 1990) (recognizing that the decision to file a document under seal is a matter left to the sound discretion of the trial court); <u>Romero v. Drummond Co.</u>, 480 F.3d 1234, 1245 (11th Cir. 2007)(opining that a qualified right o access attached to dispostive documents and materials filed in conjunction with dispositive motions). The Court has in recent history looked unfavorably upon requests to file documents in support of dispositive motions under seal when other less restrictive alternatives such as redaction are available.  Public access is the norm and the citations to the protective order alone are insufficient to provide a basis for sealing documents filed in conjunction with dispositive motions.

**IT IS SO ORDERED.**

Dated this 3rd day of October, 2023.         */s/ Clare R. Hochhalter*
                                             Clare R. Hochhalter, Magistrate Judge
                                             United States District Court